## LIZZIE NORRIS *v.* PAULINE WILBER.

ERROR CORAM NOBIS. *Coverture sufficient grounds for writ of.* *When.*
Where the disability of coverture did not appear to the Court
at the time of the rendition of the judgment, it will entitle the
defendant to a writ of error *coram nobis.*
Code, Section 3,117.

### FROM DAVIDSON.

Appeal from the Common Law Court. Jo. C.
GUILD, Judge.

R. H. McEWEN for Lizzie Norris.

W. M. ROBERTSON for Pauline Wilber.

DEADERICK, J., delivered the opinion of the Court.

Elizabeth Norris sued Pauline Wilber, before a
Justice of the Peace of Davidson County, and recov-
ered a judgment for $25, on the 28th of November,
1870, from which judgment an appeal was prayed
and granted to the Law Court of Nashville. And
at the April term of said Law Court, the plaintiff
appeared and had the judgment of the Justice of the
Peace affirmed. The defendant afterwards—to-wit, in
July, 1871—filed a petition for a writ of error *coram
nobis,* asking that the judgment by default be set
aside and the case reinstated on the docket, to be
tried on its merits. The plaintiff, thereupon, moved
the Court to dismiss the petition, which motion was

sustained by the Court; and therefore the defendant has brought the case into this Court by writ of error to have the whole case reviewed.

The defendant seeks a reversal, on the ground that the Circuit Judge erred in dismissing her petition. In order to decide whether he committed an error or not, it will be necessary to refer to the petition. The errors of fact relied upon in the petition are, that the judgment by default was taken against her in both the absence of herself and her attorney, whose name was marked on the docket, and that she was a married woman at the time. She states in the petition that she had a good defence in the form of a set-off. She also states that she was a married woman at the time the action was brought against her, and also at the time the judgment was rendered. To obtain the benefits of the writ by § 3,117, it is sufficient to show the infancy at the time of the rendition of the judgment, of petitioner. So the disability of coverture not appearing to the Court at the time of the rendition of the judgment, equally entitles the defendant to the writ. The petition distinctly alleges this, and it was error to dismiss the petition.

Reverse, and remand the cause.